**Compton Trust**

*William E. Schubert, Jr.,* of *Schubert, Mallon, Walheim & deCindis,* for accountant.

*James W. Sutton, Jr., Assistant Attorney General,* for Commonwealth as parens patriae.

KLEIN, *J.,* December 18, 1974—In her deed of trust dated May 9, 1917, settlor directed the income be paid to her husband for life and upon his death to settlor for life and thereafter to her daughter. Upon the death of the survivor of settlor's husband, the settlor and her daughter, the trust was to:

". . . set over the principal in equal shares to the children of the said Margaret Starr Compton born to her in lawful wedlock and the issue per stirpes of any child or children born to her in lawful wedlock who shall have predeceased her, and in the event that she die without leaving such children, or the issue of such children so born as aforesaid in lawful wedlock, then upon her death, . . . to assign, transfer and set over the principal to St. Joseph's Hospital, of Bellingham, Washington, free and clear of all trusts. . . ."

\* \* \* \* \*

Settlor's husband, Hays A. Compton, died September 19, 1923, and settlor died January 16, 1932. The reason for filing the present account is the death on April 17, 1973, of settlor's daughter and last surviving life tenant, Margaret Starr Compton

MacFadden Wilson, whereupon the trust terminated. Although Margaret had no children of her own, she adopted Douglas H. Wilson, born January 23, 1944, and Margaret Starr Wilson, born December 17, 1948.

The accountant has submitted for adjudication the following question:

"Are the adopted children included in a class gift under a Deed of Trust to 'the children of the said Margaret Starr Compton born to her in lawful wedlock' or should the principal be awarded to St. Joseph's Hospital, Bellingham, Washington?"

The accountant takes the position that resolution of this question depends upon the intention of the settlor as determined from the words used in the deed of trust, and that the words "children of the said Margaret Starr Compton born to her in lawful wedlock" require a finding that adopted children are to be excluded.

At the direction of the auditing judge, the audit was specially listed for December 5, 1974, and Mr. Schubert was instructed to give the adopted children notice that if they did not appear in person or by counsel the court would accept the recommendation of the accountant that the principal of the trust be awarded to St. Joseph's Hospital, Bellingham, Washington. The record shows that the adopted children did not so appear.

Although settlor was a resident of the State of Washington when the trust was created in 1917, she named a Pennsylvania corporation as trustee, and the trust was administered in Pennsylvania. There is no provision in the deed as to what law should govern in construing the trust instrument. Under these circumstances it is not clear whether the law of Washington or the law of Pennsylvania is

applicable. Scott on Trusts (3d ed.) §579, discusses this problem, and there we find:

". . . As to matters not pertaining to the administration of the trust, the domicil of the settlor is of less importance than it is in the case of a trust created by will. It can be stated generally that the rules of construction of the state which the settlor would probably have desired to be applicable will be applied. It can be stated with more particularity that he presumably desired that the rules of the state with which the trust has its most significant relationship should be applied. If the settlor fixes the administration of an inter vivos trust in a particular state, it may be fair to assume that he intends the law of that state to be applicable. Accordingly, it has been held that in determining who are the beneficiaries of an inter vivos trust the applicable law is that of the state of administration although the settlor was domiciled in another state . . . [cases cited]."

We think that by selecting a Pennsylvania trustee to administer the trust settlor demonstrated her intention that the substantive rights of the beneficiaries of the trust be governed by the law of Pennsylvania. In this regard we differ with the views expressed by Mr. Schubert, who believes that the law of Washington governs. We are in agreement, however, that in both jurisdictions an adopted child is excluded if the language of the instrument being construed indicates an intention to exclude. In this case the language used, "born to her in lawful wedlock," cannot be construed to include adopted children, hence they must be excluded as beneficiaries.

\* \* \* \* \*

And now, December 18, 1974, the account is confirmed nisi.